UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 25-cv-02976-AGT<br><br>**ORDER GRANTING MOTION TO PROCEED UNDER A PSEUDONYM**<br><br>Re: Dkt. No. 2 |

Before the Court is Plaintiff's unopposed motion to proceed by pseudonym. *See* dkt. 2. For the reasons identified below, Plaintiff's *ex parte* motion is granted subject to reconsideration when defendants appear in this action.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (alteration in original) (internal citation omitted). "Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Advanced Textile*, 214 F.3d

at 1068).

One such special circumstance is where a plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (internal quotation marks omitted). For example, plaintiffs in the Ninth Circuit have been granted anonymity in matters involving their mental health. *See, e.g.*, *Doe v. United of Omaha Life Ins. Co.,* No. 23-CV-02307, 2023 WL 5919287, at *1 (N.D. Cal. Aug. 21, 2023) ("According to the complaint, Plaintiff suffers from severe major depressive disorder, generalized anxiety disorder, severe cannabis use disorder, opioid use disorder, and insomnia. Associating Plaintiff with this combination of conditions, especially his substance use disorders, through disclosure of his identity would necessarily expose Plaintiff to social stigma and would threaten future job opportunities that he may pursue. These circumstances render this case "unusual" and thus make anonymity appropriate.") (internal citations omitted); *Ms. R.H. v. United States*, No. 23-CV-05793, 2023 WL 7563749, at *1 (N.D. Cal. Nov. 14, 2023) ("Courts routinely recognize parties' interests in preserving the privacy of their mental-health information.").

Plaintiff seeks to proceed under a pseudonym because this matter involves "a serious mental health condition and self-injurious behavior and psychiatric commitment associated with the mental health condition." Dkt. 2 at 1.[1] Specifically, in this action, Plaintiff alleges violations of her constitutional and statutory rights in connection with an involuntary mental health hold at her home and with institutionalization. *See* dkt. 3 (complaint). Plaintiff seeks relief against the City and County of San Francisco, officers of the San Francisco Police

---

[1] Page numbers in this order utilize the Electronic Case Filing numbering at the top of each page.

Department, and Does 1–25. *See id.* ¶¶ 11–15. She alleges in part that defendants disregarded that Plaintiff was pursuing help from mental health clinicians and disregarded her mental health history. *Id.* ¶ 4. These inquiries will necessarily involve a protracted dive into Plaintiff's mental health history, which Plaintiff fears could result in stigma, raise a serious risk of emotional and psychological harm, alienate Plaintiff, harm her reputation, and adversely impact her employment opportunities. Dkt. 2 at 4. These allegations render the matter sensitive and highly personal in nature, *see Advanced Textile*, 214 F.3d at 1068, such that anonymity is appropriate.

Defendants will not be prejudiced by allowing Plaintiff to proceed under a pseudonym. Plaintiff represents that most of the defendants were directly involved and thus already know her identity. *See* dkt. 2 at 4. Additionally, Plaintiff has no objection to disclosing her identity to defendants as the litigation proceeds. *Id.* There is no indication that defendants' ability to litigate will be impacted by allowing Plaintiff to proceed anonymously.

The public interest does not weigh against Plaintiff's motion and, in fact, weighs in favor. Plaintiff is seeking to hold the City and County of San Francisco and its officers liable for an alleged violation of her rights. The public has a strong interest in allowing such cases to be adjudicated on their merits. The public also has an interest in preventing stigmatization of litigants with mental health conditions. Combining those public interests necessitates allowing Plaintiff to proceed anonymously. A denial of the use of a pseudonym may deter other people who experience mental health conditions from suing in order to vindicate their rights, merely because they fear that they will be stigmatized in their community if they are forced to bring suit under their true identity.

Accordingly, Plaintiff's *ex parte* motion to proceed by pseudonym is granted, subject

to reconsideration once defendants have appeared in this action.

This order dispenses with dkt. 2.

**IT IS SO ORDERED.**

Dated: April 2, 2025

Alex G. Tse
United States Magistrate Judge